1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7   JOSEPH B. JENSEN, SR, <br> individually and on behalf of similarly <br> 8   situated individuals, and JBJ, a minor <br> child, <br> 9                              Plaintiffs, <br><br> 10        v. <br><br> 11   JOSEPH R. BIDEN, JR, in his official <br> capacity as President of the United <br> 12   States; JAY R. INSLEE, in his official <br> capacity as Governor of Washington <br> 13   State; ANTHONY S. FAUCI, in his <br> official capacity as Director for the <br> 14   National Institute of Allergy and <br> Infectious Diseases; CENTER FOR <br> 15   DISEASE CONTROL AND <br> PREVENTION; NATIONAL <br> 16   INSTITUTE OF HEALTH; and the <br> UNITED STATES FOOD AND <br> 17   DRUG ADMINISTRATION, <br>                              Defendants. | NO. 4:21-CV-5119-TOR <br><br> ORDER DENYING PLAINTIFFS' <br> MOTION FOR PRELIMINARY <br> INJUNCTION AND TEMPORARY <br> RESTRAINING ORDER, AND <br> GRANTING FEDERAL <br> DEFENDANTS' MOTION TO <br> DISMISS |

18

19        BEFORE THE COURT are Plaintiffs' Motion for Preliminary Injunction

20   and Temporary Restraining Order (ECF No. 19) and Federal Defendants' Motion

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 1

1    to Dismiss (ECF No. 36).  This matter was submitted for consideration with

2    telephonic oral argument on November 18, 2021.  Plaintiff Joseph B. Jensen, Sr.,

3    proceeding *pro se*, appeared on behalf of the plaintiffs.  Camille M. McDorman

4    and Jeffrey T. Even appeared on behalf of State Defendants.  John T. Drake and

5    Molly M.S. Smith appeared on behalf of Federal Defendants.  The Court has

6    reviewed the record and files herein, considered the parties' oral arguments, and is

7    fully informed.  For the reasons discussed below, Plaintiffs' Motion for

8    Preliminary Injunction and Temporary Restraining Order (ECF No. 19) is

9    DENIED and Federal Defendants' Motion to Dismiss (ECF No. 26) is GRANTED.

10                                    **BACKGROUND**

11          This case concerns President Biden's Executive Order Nos. 14042 and

12   14043 (collectively the "Executive Orders") requiring COVID-19 vaccination for

13   federal employees and federal contractors, and Governor Inslee's Proclamation 21-

14   14 *et seq.* (the "Proclamation") requiring COVID-19 vaccination for state

15   employees and contractors.  Plaintiff Jensen ("Plaintiff") states he is employed by a

16   federal government subcontractor and is, thus, subject to the Executive Orders.

17   ECF Nos. 1 at 3, ¶ 5; 32 at 3, ¶ 6.  Plaintiff does not specify in his pleadings who

18   his employer is; however, Plaintiff affirmed at oral argument that he is subject to

19   the Executive Orders.  Plaintiff states he was informed by his employer on

20   September 30, 2021 that he would be subject to the Executive Orders.  ECF No. 32

at 6, ¶ 25.  There is a communication from Hanford Mission Integration Solutions addressed to "All HMIS Employees" dated September 30, 2021.  ECF No. 21-1 at 10.

Plaintiff also states he is a registered member of the Washington Interscholastic Athletics Association ("WIAA") and the Washington Officials Association ("WOA") and is certified to coach high school athletics.  ECF No. 32 at 3, ¶ 6.  At oral argument, Plaintiff indicated he earns a "game fee" for his services, but stated the fee equates to something less than minimum wage.  Plaintiff claims he was told by WIAA and WOA that "officials would not be subject to the" Proclamation.  *Id*. at 5, ¶ 16.  However, Plaintiff indicates he was later informed that the Office of the Superintendent of Public Instruction for Washington State determined that high school sports officials are considered to be "engaged[d] in or in fact engages in work while physically present at a building, facility, jobsite, project site, unit, or other defined area owned, leased, occupied by, or controlled by . . . an operator of an Educational Setting."  ECF No. 32 at 6, ¶ 22.  This language is found under the Proclamation's definition for "on-site volunteer" and "on-site contractor," both of which fall under the definition of "worker" for the purposes of the Proclamation's applicability.  ECF No. 21-1 at 48, at 51–52.

On August 23, 2021, Plaintiff, proceeding *pro se*, filed a Complaint on behalf of himself and others similarly situated, and his minor child, alleging

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 3

1   various federal constitutional and statutory violations stemming from the Executive

2   Orders and the Proclamation.  ECF No. 1.  Plaintiff filed a First Supplement to

3   Complaint on October 19, 2021.  ECF No. 32.  On October 15, 2021, Plaintiff filed

4   a Motion for Preliminary Injunction and Temporary Restraining Order.  ECF No.

5   19.  State and Federal Defendants (collectively "Defendants") oppose the motion.

6   ECF Nos. 37, 38.  Additionally, Federal Defendants filed a Motion to Dismiss on

7   October 29, 2021, seeking dismissal of all claims alleged against Federal

8   Defendants.  ECF No. 36.  Plaintiff conceded at oral argument that his claims

9   against Federal Defendants should be dismissed with the option to amend.

10       The Court will first address the Motion to Dismiss and then the Motion for

11   Preliminary Injunction and Temporary Restraining Order.

12                              **DISCUSSION**

13   **I.       Legal Standard—Motion to Dismiss**

14       The Federal Rules of Civil Procedure permit a party to seek dismissal

15   through several avenues, two of which are asserted here.  First, motions to dismiss

16   under Rule 12(b)(1) challenge the subject matter jurisdiction of an action.  Fed. R.

17   Civ. P. 12(b)(1).  The challenge to subject matter jurisdiction can be asserted in

18   one of two ways: through a "facial attack" or a "factual attack."  *Leite v. Crane*

19   *Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).  Here, Federal Defendants challenge

20   purely legal questions and do not challenge Plaintiff's factual assertions.  ECF No.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 4

36.  A facial attack accepts the truth of the plaintiff's allegations but challenges the sufficiency of the complaint's allegation to invoke federal jurisdiction.  *Leite*, 749 F.3d at 1121.  Courts resolve facial challenges as they would a motion to dismiss under 12(b)(6).  *Id.*  Accordingly, courts consider the motion by evaluating the complaint on its face.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Second, a motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); Fed. R. Civ. P. 12(b)(6).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678**.**

1    When analyzing whether a claim has been stated, the Court may consider the

2    "complaint, materials incorporated into the complaint by reference, and matters of

3    which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian*

4    *Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor*

5    *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a

6    short and plain statement of the claim showing that the pleader is entitled to relief."

7    Fed. R. Civ. P. 8(a)(2).  A plaintiff's "allegations of material fact are taken as true

8    and construed in the light most favorable to the plaintiff[,]" however "conclusory

9    allegations of law and unwarranted inferences are insufficient to defeat a motion to

10   dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

11   1403 (9th Cir. 1996) (citation and brackets omitted).

12   In assessing whether Rule 8(a)(2) has been satisfied, a court must first

13   identify the elements of the plaintiff's claim(s) and then determine whether those

14   elements could be proven on the facts pled.  The court may disregard allegations

15   that are contradicted by matters properly subject to judicial notice or by exhibit.

16   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court

17   may also disregard conclusory allegations and arguments which are not supported

18   by reasonable deductions and inferences.  *Id.*

19   The Court "does not require detailed factual allegations, but it demands

20   more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 6

556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

### A.   Plaintiff's Claims on Behalf of Others

Federal Defendants first challenge *pro se* Plaintiff's ability to assert claims on behalf of Plaintiff's minor child and "others similarly situated." ECF No. 36 at 4. "It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Courts routinely reject *pro se* plaintiffs' attempts to bring claims on behalf of others in a representative capacity. *Id.* (collecting cases). Plaintiff conceded at oral argument that he may not represent anyone other than himself. Accordingly, any claims brought on behalf of Plaintiff's minor child or "others similarly situated" are dismissed.

Federal Defendants also seek dismissal of any claims asserted against President Biden's Executive Order No. 14043 because Plaintiff lacks standing. ECF No. 36 at 5. On September 9, 2021, President Biden issued two Executive Orders: No. 14042 and No. 14043. *See Smith v. President Biden*, No. 1:21-CV-19457, 2021 WL 5195688, at *2 (D.N.J. Nov. 8, 2021). Executive Order 14043

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 7

1  requires all federal employees to be fully vaccinated; the Safer Federal Workforce

2  Task Force (the "Task Force") issued guidance on September 13, 2021 clarifying

3  the deadline for federal employees to be fully vaccinated is November 22, 2021.

4  *Id*.

5       Executive Order 14042 essentially requires employers who contract with the

6  federal government to ensure their employees are fully vaccinated.  *Id*.  This is

7  achieved by requiring federal departments and agencies to introduce new

8  contractual clauses that require covered contractors and subcontractors to comply

9  with the guidance provided by the Task Force.  *Id*.  The Task Force issued

10 guidance on September 23, 2021 stating that covered contractor employees need to

11 be fully vaccinated by December 8, 2021.  *Id*.

12      Federal Defendants argue Plaintiff lacks standing because Plaintiff is not

13 subject to the provisions of Executive Order 14043, nor does he face threats of

14 having the provisions applied to him.  ECF No. 36 at 5.  Plaintiff's First

15 Supplement to Complaint states he was informed by his employer on September

16 30, 2021 that "President Biden's *Executive Order on Ensuring Adequate COVID*

17 *Safety Protocols for Federal Contractors*" applies to contractor and subcontractor

18 employees, and those individuals would "need to be fully vaccinated by December

19 8, unless exempted for religious or medical reasons."  ECF No. 32 at 6, ¶ 25.

20 Plaintiff's Complaint states he is "employed by a federal government sub-

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 8

1  contractor." ECF No. 1 at 3, ¶ 5. Moreover, Plaintiff confirmed at oral argument

2  that he is subject to the Executive Orders.

3      To establish standing in federal court, a plaintiff must demonstrate three

4  elements: (1) plaintiff must have suffered an injury in fact that is concrete and

5  particularized, and actual or imminent; (2) there must be a causal connection

6  between the injury and the challenged conduct that is fairly traceable to the

7  defendant's actions; and (3) it must be "likely" as opposed to "speculative" that the

8  injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*,

9  504 U.S. 555, 560–61 (1992). Additionally, courts will consider "whether the

10  alleged injury is more than a mere generalized grievance, whether the plaintiff is

11  asserting her own rights or the rights of third parties, and whether the claim falls

12  within the zone of interests to be protected or regulated by the constitutional

13  guarantee in question." *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010)

14  (internal quotations and citation omitted). The party invoking federal jurisdiction

15  bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561.

16      Even though Plaintiff is subject to the Executive Orders, Plaintiff does not

17  have standing to challenge them at this time because he has not alleged a

18  particularized injury in fact that is actual or imminent. After spending a great deal

19  of his pleadings explaining the development of the COVID-19 pandemic, the

20  various responses by national governments and international organizations, as well

1  as the development of several COVID-19 vaccines, Plaintiff fails to articulate how

2  he has been personally affected by any of the described circumstances.  ECF Nos.

3  1 at 5–16, ¶¶ 14–61; 32 at 5–6, ¶¶ 15–25.

4      Plaintiff takes particular issue with the vaccination requirements for federal

5  employees and contractors under President Biden's Executive Orders, but again,

6  Plaintiff does not articulate how he has been, or will be, harmed by the Orders.

7  Plaintiff has not given any indication of his vaccination status with regard to

8  COVID-19; if Plaintiff is not currently vaccinated, he has not indicated whether or

9  not he intends to comply with the Executive Orders' vaccination requirements.

10  Further, if Plaintiff fails to comply, he has not articulated whether he faces any

11  adverse consequences.  In any event, the deadlines to comply with the Executive

12  Orders have not yet passed; thus, any possible adverse consequences Plaintiff may

13  face are purely speculative at this point, which is insufficient to establish standing.

14  *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 410–14 (2013).  Therefore,

15  Plaintiff has failed to establish standing to pursue any claims against Executive

16  Order Nos. 14042 and 14043.

17          **B.  Crimes Against Humanity, Betrayal of Public Trust**

18      Counts 37–40, 41, and 43–46 allege Federal Defendants have committed

19  "crimes against humanity" and betrayed the public's trust.  ECF No. 1 at 22–24, ¶¶

20  111–20, 127–32.  Federal Defendants move for dismissal on the grounds that

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 10

1  Plaintiff lacks standing to pursue generalized claims and because Plaintiff has

2  failed to state a claim on which relief may be granted.  ECF No. 36 at 5–11.

3      As previously discussed, Plaintiff must have suffered a particularized harm

4  or be under imminent threat of harm in order to establish standing.  Plaintiff has

5  failed to meet this burden for the alleged crimes against humanity and betrayal of

6  public trust because he alleges only generalized harm on behalf of the public at

7  large; Plaintiff does not allege he personally has suffered a harm.  *See* ECF No. 1

8  at 22–24, ¶¶ 111–20, 127–32.  Moreover, Plaintiff cites to no legal authority that

9  would provide relief for the alleged wrongful conduct.  Consequently, dismissal of

10  Counts 37–40, 41, and 43–46 is proper because Plaintiff lacks standing and

11  because he has failed to state a claim upon which relief may be granted.

12          **C.   Vaccine Emergency Use Authorization**

13      Count 47 alleges Defendants Dr. Fauci, CDC, FDA, and NIH violated the

14  Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C § 360bbb-3(c)(3), by

15  granting Emergency Use Authorizations ("EUA") for the COVID-19 vaccines.

16  ECF No. 1 at 24, ¶¶ 133–34.  It is unclear whether Plaintiff is challenging only the

17  EUA itself or the FDA's rulemaking authority to issue EUAs.  Federal Defendants

18  move to dismiss the claim on the grounds that Plaintiff has failed to exhaust his

19  administrative remedies, and because the Administrative Procedure Act ("APA")

20  prohibits judicial review of EUAs.  ECF No. 36 at 7.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 11

1    Interested parties who wish to challenge an FDA regulation, like the EUA

2    for COVID-19 vaccines, are required to exhaust administrative remedies before

3    filing suit in federal court. *Ass'n of Am. Physicians & Surgeons, Inc. v. Food &*

4    *Drug Admin.*, 539 F. Supp. 2d 4, 21 (D.D.C. 2008) (citing 21 C.F.R. §§ 10.30,

5    10.25). Plaintiff has not indicated that he has taken any steps to exhaust his

6    administrative remedies. Accordingly, Plaintiff may not pursue his claim

7    challenging the issuance of the EUA in this Court.

8    Additionally, the Court cannot grant the relief Plaintiff seeks for this claim

9    because judicial review is unavailable for decisions that are committed to agency

10    discretion as a matter of law. *City & Cty. of San Francisco v. U.S. Dep't of*

11    *Transp.*, 796 F.3d 993, 1001 (9th Cir. 2015) (quoting 5 U.S.C. § 701(a)(2)). Here,

12    the provisions of the FDCA expressly reserve decisions regarding EUAs to agency

13    discretion. 21 U.S.C. §360bbb-3(i) ("Actions under the authority of this section by

14    the Secretary, by the Secretary of Defense, or by the Secretary of Homeland

15    Security are committed to agency discretion."). Thus, Plaintiff has failed to state a

16    claim on which relief may be granted.

17    Count 47 challenging the EUA for the COVID-19 vaccines is properly

18    dismissed because Plaintiff has failed to exhaust his administrative remedies and

19    because Plaintiff has not stated a claim upon which relief may be granted.

20    //

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 12

1

### D.  *Bivens* Claims

2      Counts 24–36 allege Defendants Dr. Fauci, CDC, FDA, and NIH conspired

3  to violate Plaintiff's and the American people's constitutional rights by spreading

4  misinformation about COVID-19 and its available treatments.  ECF No. 1 at 21–

5  22, ¶¶ 102–10.  Federal Defendants move to dismiss on the grounds that Plaintiff's

6  claims do not fall within the scope of a *Bivens* cause of action; Plaintiff's claims

7  against Defendants CDC, FDA, and NIH are improper; and Plaintiff lacks standing

8  to pursue a *Bivens* claim on behalf of the "American people."  ECF No. 36 at 7–8.

9      As an initial matter, Plaintiff's *pro se* status prohibits him from asserting

10  claims on behalf of anyone but himself.  *Simon*, 546 F.3d at 664.  Additionally,

11  Plaintiff may not assert a *Bivens* claim against Defendants CDC, FDA, and NIH

12  because *Bivens* claims cannot be brought against federal agencies.  *F.D.I.C. v.*

13  *Meyer*, 510 U.S. 471, 484–86 (1994).  Thus, Plaintiff's *Bivens* claims asserted on

14  behalf of the "American people" are dismissed, as are the *Bivens* claims asserted

15  against Defendants CDC, FDA, and NIH.

16      As to remaining Defendant Dr. Fauci, Plaintiff alleges violations of his First,

17  Ninth, and Tenth Amendment rights.  ECF No. 1 at 21–22, ¶¶ 102–10.  Plaintiff's

18  claims fail as a matter of law.  The Supreme Court has stated there are only three

19  instances in which the Court has recognized an implied damages remedy under the

20  Constitution: violations of the Fourth Amendment based on unreasonable search

1    and seizure (*Bivens v. Six Unknown Fed'l Narcotics Agents*, 403 U.S. 388 (1971));

2    violations of the Fifth Amendment based on gender discrimination (*Davis v.*

3    *Passman*, 442 U.S. 228 (1979)); and violations of the Eighth Amendment based on

4    the denial of medical care for serious medical conditions (*Carlson v. Green*, 446

5    U.S. 14 (1980)).  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).  Thus, *Bivens*

6    implied causes of action are available under a very limited set of circumstances,

7    none of which are present here.

8        First, it is unclear which of his First Amendment rights Plaintiff believes

9    were violated.  He claims a right to "life, liberty, and pursuit of happiness," but this

10   language, of course, is pulled from the Declaration of Independence, not the United

11   States Constitution.  In any event, Plaintiff's claims do not fall within the scope of

12   permissible *Bivens* causes of action.  Second, "the ninth amendment has never

13   been recognized as independently securing any constitutional right, for purposes of

14   pursuing a civil rights claim."  *Strandberg v. City of Helena*, 791 F.2d 744, 748

15   (9th Cir. 1996).  Similarly, the Tenth Amendment does not permit a private right of

16   action.  *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 786–87 (W.D.N.Y.

17   2020).  Thus, Plaintiff's Ninth and Tenth Amendment claims cannot survive

18   without an articulated civil rights violation, which Plaintiff has failed to plead.

19       Consequently, Plaintiff has failed to state a cognizable *Bivens* cause of

20   action against Defendants Dr. Fauci, CDC, FDA, and NIH.  Counts 24–36 are

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 14

1  properly dismissed because Plaintiff has failed to state a claim upon which relief

2  may be granted.

3        E.   Constitutional Claims Against Defendant Biden

4        Plaintiff asserts a variety of federal constitutional violations in Counts 1–5

5  and 6–11, including intrusion of bodily autonomy, imposition of cruel and unusual

6  punishment, unlawful seizures of liberty, and others.  ECF Nos. 1 at 17–19, ¶¶ 62–

7  82; 32 at 7, ¶ 27–34.  Federal Defendants move to dismiss the claims on the

8  grounds that Plaintiff seeks only declaratory and injunctive relief against President

9  Biden, and the Court lacks jurisdiction to enter such relief against a President.

10  ECF No. 36 at 8.

11        The principles of separation-of-powers generally counsel courts against

12  granting injunctive and declaratory relief against the President in the performance

13  of his official duties unless he has no authority to act in the first place.  *Rosebud*

14  *Sioux Tribe v. Trump*, 428 F. Supp. 3d 282, 291 (D. Mont. 2019) (citing *Franklin*

15  *v. Massachusetts*, 505 U.S. 788, 802–03 (1992) (plurality)).  Courts may, however,

16  enjoin executive orders, or portions thereof, where the order "exceeds the statutory

17  authority delegated by Congress and constitutional boundaries."  *Id.* (quoting

18  *Hawaii v. Trump*, 859 F.3d 741, 768 (9th Cir. 2017) (*dismissed as moot*, 138 S. Ct.

19  377 (2017)).

20        Federal Defendants argue Plaintiff seeks injunctive and declaratory relief

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 15

1  against the President.  ECF No. 36 at 9.  However, liberally construing Plaintiff's

2  Complaint, it appears Plaintiff is seeking relief against President Biden's Executive

3  Orders, not the President personally.  Plaintiff repeatedly asserts "Biden's order" or

4  "Biden's vaccine mandate" is unconstitutional and exceeds the President's

5  authority.  *See, e.g.*, ECF Nos. 1 at 17–18, ¶¶ 62–71; 32 at 7, ¶¶ 27–34.  Because

6  granting injunctive or declaratory relief against an Executive Order is within the

7  power of the courts, Plaintiff could, theoretically, challenge President Biden's

8  Executive Order Nos. 14042 and 14043.

9       However, as previously discussed, Plaintiff lacks standing at this time to

10  challenge these Executive Orders because he has not stated a particularized harm

11  that is actual or imminent.  Plaintiff has not alleged that he has been forcibly

12  subjected to COVID-19 testing nor has he alleged he has been forced to submit to a

13  COVID-19 vaccine.  In fact, Plaintiff acknowledges there are alternatives to the

14  vaccination requirement in the form of religious or medical exemptions.  ECF No.

15  32 at 5, ¶ 20.  Alternatively, Plaintiff could seek employment outside the federal

16  government and avoid being subject to the Executive Orders.  Furthermore, any

17  harm Plaintiff is attempting to allege is purely speculative at this point because the

18  deadlines to comply with the Executive Orders have not yet passed.  Therefore,

19  dismissal of Counts 1–5 and 6–11 is proper because Plaintiff has failed to establish

20  standing to challenge the Executive Orders.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 16

1    Based on the foregoing, the Court grants Federal Defendants' Motion to

2  Dismiss (ECF No. 36).  Counts 1–5 and 6–11 are **dismissed without prejudice**.  If

3  Plaintiff is able to establish standing at a later date, he may pursue claims against

4  the Executive Orders.  Counts 24–36, 37–40, 41, 43–46, and 47 are **dismissed**

5  **with prejudice**.

6    The Court next turns to Plaintiff's Motion for Preliminary Injunction and

7  Temporary Restraining Order (ECF No. 19).  Because the remaining claims pertain

8  only to State Defendants, the Court will not address any claims raised in Plaintiff's

9  motion that relate to Federal Defendants.

10  ## II.    Legal Standard—Preliminary Injunction

11    Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a

12  temporary restraining order (TRO) to prevent "immediate and irreparable injury."

13  Fed. R. Civ. P. 65(b)(1)(A).  The analysis for granting a temporary restraining

14  order is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg*

15  *Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

16  It "is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def.*

17  *Council, Inc.*, 555 U.S. 7, 24 (2008).

18    To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success

19  on the merits; (2) a likelihood of irreparable injury in the absence of preliminary

20  relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 17

1    a preliminary injunction will advance the public interest.  *Winter*, 555 U.S. at 20;

2    *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).  Under the *Winter* test, a

3    plaintiff must satisfy each element for injunctive relief.

4            Alternatively, the Ninth Circuit also permits a "sliding scale" approach

5    under which an injunction may be issued if there are "serious questions going to

6    the merits" and "the balance of hardships tips sharply in the plaintiff's favor,"

7    assuming the plaintiff also satisfies the two other *Winter* factors.  *All. for the Wild*

8    *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of

9    one element may offset a weaker showing of another."); *see also Farris v.*

10   *Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an

11   alternate formulation of the *Winter* test, under which serious questions going to the

12   merits and a balance of hardships that tips sharply towards the plaintiff can support

13   issuance of a preliminary injunction, so long as the plaintiff also shows that there is

14   a likelihood of irreparable injury and that the injunction is in the public interest."

15   (internal quotation marks and citation omitted)).

16           **A.   Likelihood of Success on the Merits**

17           Plaintiff claims Governor Inslee's Proclamation, which requires certain state

18   employees and contractors be fully vaccinated, violates his constitutional rights.

19   ECF Nos. 1, 32.  Despite alleging numerous violations, Plaintiff raises only two

20   issues in the present motion: alleged violations of his "fundamental right to

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 18

privacy, informed consent, bodily integrity, bodily autonomy, and the right to die,"

and alleged violations the Fourth Amendment's prohibition against unreasonable

search and seizure. ECF No. 21 at 21–22. To obtain injunctive relief, Plaintiff

must show that there are "serious questions going to the merits" of his claims, and

that he is likely to succeed on the merits. *Cottrell*, 632 F.3d at 1131; *Farris*, 677

F.3d at 865.

### 1.    *Right to Privacy, Bodily Integrity, etc.*

Plaintiff argues the Proclamation infringes on his substantive due process

rights and must survive strict scrutiny. ECF No. 21 at 14–23. State Defendants

argue the Proclamation does not infringe upon any fundamental rights and is

subject to rational basis, which it easily survives. ECF No. 38 at 11.

As an initial matter, Plaintiff seeks "appropriate declaratory relief regarding

the unconstitutionality, facially and as applied, of the Washington State Executive

Order on Vaccination and Testing" for violations of Plaintiff's asserted right to

bodily autonomy, informed consent, and right to refuse medical care; Plaintiff does

not assert any violations of his religious rights. ECF Nos. 21 at 15; 32 at 8. "[T]he

two tests for whether a law is neutral and generally applicable focus on whether a

law specifically targets or singles out religion." *Parents for Priv. v. Barr*, 949 F.3d

1210, 1234–35 (9th Cir.), *cert. denied,* 141 S. Ct. 894, 208 L. Ed. 2d 452 (2020).

Thus, Plaintiff has not advanced an as-applied challenge to the Proclamation

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 19

1    because he claims no violations of his religious liberties.  The Court will address

2    only the facial challenge.

3         "To succeed on a facial challenge, the challenger must establish that no set

4    of circumstances exists under which the regulation would be valid." *Doe v.*

5    *Zucker*, 496 F. Supp. 3d 744, 754 (N.D.N.Y. 2020) (internal brackets omitted).

6    Judicial review of facial challenges is limited to the text of the law or regulation

7    itself. *Young v. Hawaii*, 992 F.3d 765, 779 (9th Cir. 2021).  Facial challenges are

8    more difficult to prove than as-applied challenges.  *Id.*  Plaintiff argues the

9    Proclamation is facially unconstitutional because it infringes on Plaintiff's "right to

10   privacy, informed consent, bodily integrity, bodily autonomy, and the right to die."

11   ECF No. 21 at 14.

12        Plaintiff's argument is not persuasive.  First, while Plaintiff has a

13   fundamental right to privacy, he does not have a fundamental right to refuse a

14   vaccine. *Jacobson v. Massachusetts*, 197 U.S. 11, 26–27 (1905); *Norris v. Stanley*,

15   ---F. Supp. 3d---, No. 1:21-CV-756, 2021 WL 4738827, at *2 (W.D. Mich. Oct. 8,

16   2021); *Williams v. Brown*, ---F. Supp. 3d---, No. 6:21-CV-01332-AA, 2021 WL

17   4894264, at *8 (D. Or. Oct. 19, 2021).  Second, the Proclamation does not require

18   individuals to get vaccinated; it simply creates employment requirements for

19   certain state workers.  As our sister court in the Western District explained, "The

20   State is not forcing its employees to receive an injection against their will.  They

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 20

1  have a choice.  The choice is vaccination or no longer working for the State."  ECF
2  No. 39-1 at 191.

3      Relatedly, Plaintiff does not have a constitutionally protected interest in his
4  continued employment as a coach or sports officiant.  *Massachusetts Bd. of Ret. v.*
5  *Murgia*, 427 U.S. 307, 313 (1976); *Norris*, 2021 WL 4738827, at *2 (explaining
6  that employer vaccine requirements do not force employees to forgo their rights to
7  privacy and bodily autonomy, but if employees choose not to get vaccinated, they
8  do not have a right to remain employed).  Moreover, the Proclamation recognizes
9  legally permissible exemptions.  ECF No. 21-1 at 19–27.  Based on the plain text
10  of the Proclamation, there is no invasion of Plaintiff's right to bodily integrity;
11  Plaintiff can choose to get vaccinated, choose to apply for an exemption, or choose
12  to coach and officiate elsewhere.  Plaintiff has failed to demonstrate there are no
13  circumstances under which the Proclamation would be valid.

14      Next, the Court turns to Plaintiff's argument that the Proclamation does not
15  survive strict scrutiny.  ECF No. 21 at 15.  Federal courts routinely analyze
16  challenges to employer-based vaccine requirements under rational basis.  *See, e.g.*,
17  *Klaassen v. Trustees of Indiana Univ.*, --- F. Supp. 3d ---, No. 1:21-CV-238 DRL,
18  2021 WL 3073926, at *20 (N.D. Ind. July 18, 2021); *Williams v. Brown*, No. ---F.
19  Supp. 3d.---, 6:21-CV-01332-AA, 2021 WL 4894264, at *8 (D. Or. Oct. 19, 2021).
20  Nonetheless, for the purposes of the present motion, the Court need not decide

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 21

which standard should apply because the Proclamation survives both strict scrutiny and rational basis. First, the Supreme Court has endorsed the "compelling" interest in slowing the spread of COVID-19. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). The Proclamations is narrowly tailored in that it applies to specific employment sectors whose workers are essential to combatting COVID-19 and who come into regular contact with large segments of the public.

Moreover, the State has a legitimate government interest in preventing the spread of COVID-19. *Jacobsen v. Massachusetts*, 197 U.S. 11 (1905); *Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021). The Proclamation is rationally related to that interest because it is based on overwhelming evidence that the vaccines are safe and effective, and increasing vaccination rates among state workers who come into regular contact with members of the public is a rational action to reduce the spread of COVID-19.

Plaintiff's objections to the vaccine mandate rests primarily on his disagreement with State Defendants' judgment regarding public health, which is insufficient to overcome the constitutionality of State Defendants' actions in enacting and promulgating the vaccine mandate, regardless of which level of scrutiny is applied. Plaintiff has failed to demonstrate there are serious questions going to the merits of his privacy and bodily autonomy claims, and that he is likely to succeed on those questions of merit.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

### 2.    *Fourth Amendment Rights*

Plaintiff argues any COVID-19 testing requirement is subject to the reasonable suspicion standards under the Fourth Amendment. ECF No. 21 at 21. However, the Proclamation does not contain or implicate a testing requirement. *See* ECF No. 21-1 at 41–53. Therefore, Plaintiff's Fourth Amendment claim is without merit. Plaintiff has failed to demonstrate there are serious questions going to the merits of his Fourth Amendment claim, and that he is likely to succeed on those questions of merit.

### B.   Irreparable Harm

Plaintiff's claims to irreparable harm seem to rest on his theories of privacy and bodily integrity, and his potential loss of supplemental income as a coach. ECF No. 21 at 25–26. A plaintiff seeking injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original) "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 23

1    As previously discussed, the vaccine requirements under the Proclamation

2  do not infringe upon Plaintiff's fundamental right to privacy and his decisions

3  regarding bodily integrity.  Moreover, it is well settled that loss of employment

4  does not constitute irreparable harm.  *Sampson v. Murray*, 415 U.S. 61, 92 n.68

5  (1974) (absent a "genuinely extraordinary situation," employment loss is not

6  irreparable harm); *Massachusetts Correction Officers Federated Union v. Baker*, --

7  - F. Supp. 3d ---, No. 21-11599-TSH, 2021 WL 4822154, at *7 (D. Mass. Oct. 15,

8  2021); *Beckerich v. St. Elizabeth Med. Ctr.*, --- F. Supp. 3d ---, No. CIV 21-105-

9  DLB-EBA, 2021 WL 4398027, at *6 (E.D. Ky. Sept. 24, 2021).  Plaintiff's

10  admission that the game fee he earns amounts to something less than minimum

11  wage further weakens his argument for irreparable harm.

12    Finally, Plaintiff's delay in filing the present motion does not support his

13  claim of irreparable harm.  Plaintiff filed the motion on October 17, 2021, nearly

14  two months after the issuance of the Proclamation.  Plaintiff's dilatory filing

15  "implies a lack of urgency and irreparable harm."  *Oakland Trib., Inc. v. Chron.*

16  *Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).  The Court finds Plaintiff has not

17  carried his burden to demonstrate irreparable harm absent a temporary restraining

18  order.

19    **C.   Balancing of Equities and Public Interest**

20    "When the government is a party, these last two factors merge."  *Drakes Bay*

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 24

1    *Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).  "In each case, courts

2    must balance the competing claims of injury and must consider the effect on each

3    party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at

4    24 (quotation marks and citation omitted).  The Court must balance the hardships

5    to the parties should the *status quo* be preserved against the hardships to the parties

6    should Plaintiffs' requested relief be granted.  "In exercising their sound discretion,

7    courts of equity should pay particular regard for the public consequences in

8    employing the extraordinary remedy of injunction."  *Id.* (quotation omitted).  "The

9    public interest inquiry primarily addresses impact on non-parties rather than

10   parties."  *League of Wilderness Defs./Blue Mountains Biodiversity Project v.*

11   *Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted).  Regardless,

12   the Court will not grant a preliminary injunction unless the public interests in favor

13   of granting an injunction "outweigh other public interests that cut in favor of *not*

14   issuing the injunction."  *Cottrell*, 632 F.3d at 1138 (emphasis in original).

15         Here, the balancing of equities tips heavily in favor of the evidenced-backed

16   decisions of the State regarding public health and safety measures.  While the

17   Court is sensitive to the potential loss of coaching opportunities that Plaintiff may

18   face should his relationship with the State change, the balancing of harm and

19   equities weighs in favor of State Defendants because there is a "legitimate and

20   critical public interest in preventing the spread of COVID-19 by increasing the

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 25

vaccination rate." *Baker*, 2021 WL 4822154, at *8. Moreover, the public interest in reducing the dangers and spread of COVID-19 would not be served by enjoining the Proclamation. District courts across the country have come to the same conclusion. *See, e.g.*, *Does 1-6 v. Mills*, --- F. Supp. 3d ---, No. 1:21-CV-00242-JDL, 2021 WL 4783626, at *17 (D. Me. Oct. 13, 2021), *aff'd,* No. 21-1826, 2021 WL 4860328 (1st Cir. Oct. 19, 2021) (collecting cases). As one court noted "[w]eakening the State's response to a public-health crisis by enjoining it from enforcing measures employed specifically to stop the spread of COVID-19 is not in the public interest." *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 789 (W.D.N.Y. 2020). Therefore, the Court finds the balance of equities tips in favor of State Defendants and that the public interest would not be served by enjoining the Proclamation.

## CONCLUSION

The Court finds that Plaintiff's claims against Federal Defendants are properly dismissed for either a lack of jurisdiction or a failure to state a claim upon which relief may be granted. Additionally, Plaintiff has failed to satisfy either the *Winter* test or the *Cottrell* sliding scale test for the remaining claims against State Defendants. Therefore, Plaintiff is not entitled to the relief he seeks.

//

//

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 26

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Federal Defendants' Motion to Dismiss (ECF No. 36) is **GRANTED**. Claims 1–5 and 6–11 asserted in Plaintiff's Complaint (ECF No. 1) and Supplement to Complaint (ECF No. 32) against Federal Defendants are **DISMISSED without prejudice**. Claims 24–36, 37–40, 41, 43–46, and 47 asserted in Plaintiff's Complaint (ECF No. 1) against Federal Defendants are **DISMISSED with prejudice**.

2. Plaintiff may submit a First Amended Complaint **within fourteen (14) days** of the date of this Order. Plaintiff shall set forth his factual allegations in separately numbered paragraphs. This Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the original complaint. The First Amended Complaint must be legibly rewritten or retyped in its entirety, it may not incorporate any part of the original complaint by reference, and it must be labeled the "First Amended Complaint" with the cause number 4:21-CV-5119-TOR appearing in the caption. Plaintiff is cautioned that if he fails to amend within 14-days, the Court will dismiss all Federal Defendants and the case will proceed on the remaining counts of the original complaint against the State Defendants only.

//

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND
GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 27

3.  Additionally, the claims asserted in Plaintiff's Complaint (ECF No. 1) and Supplement to Complaint (ECF No. 32) on behalf of JBJ, a minor child, and "similarly situated individuals" are **DISMISSED with prejudice.**

4.  The Clerk of the Court is directed to **TERMINATE** Plaintiff JBJ, a minor child, and "similarly situated individuals" from this action and adjust the docket sheet accordingly.

5.  Plaintiffs' Motion for Preliminary Injunction (ECF No. 19) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 19, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, AND GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS ~ 28