UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH B. JENSEN, SR, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH R. BIDEN, JR, in his official capacity as President of the United States; JAY R. INSLEE, in his official capacity as Governor of Washington State; ANTHONY S. FAUCI, in his official capacity as Director for the National Institute of Allergy and Infectious Diseases; CENTER FOR DISEASE CONTROL AND PREVENTION; NATIONAL INSTITUTE OF HEALTH; and the UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> Defendants. | NO. 4:21-CV-5119-TOR <br><br> ORDER GRANTING STATE DEFENDANT GOVERNOR JAY INSLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS, ETC. |

BEFORE THE COURT is State Defendant Governor Jay Inslee's Motion for Judgment on the Pleadings (ECF No. 43). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files

ORDER GRANTING STATE DEFENDANT GOVERNOR JAY INSLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS, ETC. ~ 1

herein, the completed briefing, and is fully informed.  For the reasons discussed below, State Defendant Governor Jay Inslee's Motion for Judgment on the Pleadings (ECF No. 43) is GRANTED.

## BACKGROUND

This case concerns President Biden's Executive Order Nos. 14042 and 14043 (collectively the "Executive Orders") requiring COVID-19 vaccination for federal employees and federal contractors, and Governor Inslee's Proclamation 21-14 *et seq.* (the "Proclamation") requiring COVID-19 vaccination for state employees and contractors.  On November 19, 2021, the Court entered an Order denying Plaintiff's Motion for Preliminary Injunction and granting Federal Defendants' Motion to Dismiss.  ECF No. 45.  The Court also granted Plaintiff leave to file an amended complaint within fourteen days of the issuance of the Order, cautioning Plaintiff that a failure to amend would result in the dismissal of all Federal Defendants from this action.  *Id.* at 27.  Plaintiff did not file an amended complaint.  Consequently, the Federal Defendants in this matter are dismissed and the case will proceed against the remaining State Defendant Governor Inslee.

Defendant Inslee now moves for judgment on the pleadings.  ECF No. 43.  Plaintiff has not responded.  Because the issues presented in the current motion are nearly identical to those addressed in the Court's Order Granting Federal

Defendants' Motion to Dismiss (ECF No. 45), the reasoning from that Order will be incorporated by reference.

## DISCUSSION

### I.  Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do

1  not countenance dismissal of a complaint for imperfect statement of the legal

2  theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S.

3  10, 11 (2014) (citation omitted).

### A.  Betrayal of Public Trust

5  Count 42 alleges Defendant Inslee betrayed the public trust in violation of

6  42 U.S.C. §§ 1983, 1988.  ECF No. 1 at 23, ¶¶ 121–26.  Defendant Inslee moves

7  for judgment on the pleadings on the grounds that the claim lacks a legal basis and

8  because Plaintiff lacks standing.  ECF No. 43 at 7.

9  First, Plaintiff cites no legal authority to support his theory of "betrayal of

10 public trust" and the Court is unaware of any alternative theory that could support

11 such a claim.  ECF No. 1 at 23.  Next, Plaintiff's pleadings allege only abstract

12 harm and generalized grievances; Plaintiff fails to state with any specificity the

13 harm he personally suffered due to the issuance of the Proclamation.  *See generally*

14 ECF Nos. 1; 32.  Thus, even if Plaintiff identified a triable legal theory for his

15 claim, he would lack standing.  *See also* 45 at 7–11.  Finally, to the extent that

16 Plaintiff is attempting to assert a claim on behalf of the general public, Plaintiff

17 may not assert claims on behalf of anyone but himself.  *Simon v. Hartford Life,*

18 *Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  The Court finds Defendant Inslee is

19 entitled to judgment on the pleadings because Plaintiff's claim for "betrayal of

20 public trust" fails as a matter of law.

### B. Constitutional Claims

Counts 12–23 allege Defendant Inslee infringed upon Plaintiff's constitutional rights in violation of 42 U.S.C. §§ 1983, 1988. ECF Nos. 1 at 19–20, ¶¶ 83–91; 32 at 7–8, ¶¶ 35–42. Defendant Inslee seeks judgment on the pleadings on grounds that the Proclamation does not force involuntary vaccines or testing and because the Proclamation survives constitutional scrutiny. ECF No. 43 at 10, at 12.

Counts 12–17 allege violations of Plaintiff's constitutional rights under the Fourth, Fifth, Eighth, Ninth, and Tenth Amendments. The claims are premised on Plaintiff's assumption that the Proclamation requires individuals to involuntarily submit to vaccination and COVID-19 testing. ECF Nos. 1 at 19–20, ¶¶ 83–91; 32 at 7–8, ¶¶ 35–38. Plaintiff is mistaken. First, the Proclamation does not require that anyone receive the vaccine involuntarily; it merely operates as an employment requirement for certain state employees. *See* ECF No. 45 at 20–21. Even then, state employees have a choice: they can choose to get vaccinated or apply for an exemption, or they can choose to no longer work for the state. *Id.* The Proclamation also does not mandate that affected state employees undergo COVID-19 testing nor does it imply that testing could even be used as an alternative to receiving the vaccine. *See* ECF No. 21-1 at 19–53. In fact, the

1  Proclamation does not implicate testing in any regard.  Thus, Counts 12–17 fail as

2  a matter of law because they are premised on a false assumption.

3        Counts 18–23 are also untenable.  These claims allege the same

4  constitutional violations as Counts 12–17, as well as violations of the First

5  Amendment.  ECF No. 1 at 20, ¶¶ 92–101.  The Court dismissed these same claims

6  as to President Biden on the basis that Plaintiff lacked standing.  ECF No. 45 at

7  15–16.  The same rationale applies here.  *See id.*  Moreover, even if Plaintiff

8  alleged cognizable constitutional claims against Defendant Inslee, the claims

9  would fail as a matter of law because the Proclamation withstands constitutional

10 scrutiny under either rational basis or strict scrutiny, as this Court has repeatedly

11 held.  *Id.* at 19–22; *see also Wise v. Inslee*, No. 2:21-CV-0288-TOR, 2021 WL

12 4951571 (E.D. Wash. Oct. 25, 2021); *Bacon v. Woodward*, No. 2:21-CV-0296-

13 TOR, 2021 WL 5183059 (E.D. Wash. Nov. 8, 2021).  Consequently, Defendant

14 Inslee is entitled to judgment on the pleadings.

15 //

16 //

17 //

18 //

19 //

20 //

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. State Defendant Jay Inslee's Motion for Judgment on the Pleadings (ECF No. 43) is **GRANTED**.  Counts 12–23 and 42 asserted in Plaintiff's Complaint (ECF No. 1) and Supplement to Complaint (ECF No. 32) against Defendant Inslee are **DISMISSED with prejudice**.  Jay R. Inslee is **DISMISSED** as a Defendant.

2. Despite the Court's Order Denying Plaintiff's Motion for Preliminary Injunction and Granting Federal Defendants' Motion to Dismiss, ECF No. 45, which granted Plaintiff leave to file an amended complaint within fourteen days, Plaintiff failed to amend.  Thus, all Federal Defendants are now **DISMISSED** from this action.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

DATED January 7, 2022.



THOMAS O. RICE
United States District Judge